## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LEE ANN PIERCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-13-713-M |
| | ) | |
| OKLAHOMA DEPARTMENT OF | ) | |
| CORRECTIONS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants' Motion to Dismiss and Brief in Support, filed on September 24, 2013. On October 21, 2013, plaintiff filed her response.  Based upon the parties' submissions, the Court makes its determination.

I.     Introduction

Plaintiff, a *pro se* litigant[1], filed the instant action seeking relief against the State of Oklahoma, the Oklahoma Department of Corrections ("ODOC"), and the Director of the Department of Corrections.   Plaintiff alleges that defendants refuse to recognize her marriage by proxy or common law marriage to inmate Robert Waylon Pierce ("inmate Pierce") who is incarcerated at defendants' facilities. Construing plaintiff's complaint liberally, as the Court must, it appears that plaintiff is alleging that defendants violated her constitutional right to marry when they refused to allow her visitations with inmate Pierce on the basis that defendants no longer recognize her proxy

---

[1] *Pro se* pleadings are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

or common law marriage to him.[2]

II.    Standard

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule

of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient
> factual matter, accepted as true, to state a claim to relief that is
> plausible on its face.  A claim has facial plausibility when the
> plaintiff pleads factual content that allows the court to draw the
> reasonable inference that the defendant is liable for the misconduct
> alleged.  The plausibility standard is not akin to a "probability
> requirement," but it asks for more than a sheer possibility that a
> defendant has acted unlawfully.  Where a complaint pleads facts that
> are merely consistent with a defendant's liability, it stops short of the
> line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).  Further,

"where the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief."

*Id.* at 679 (internal quotations and citations omitted).  Additionally, "[a] pleading that offers labels

and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does

a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement."  *Id*. at

678 (internal quotations and citations omitted).  A court "must determine whether the complaint

sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief

under the legal theory proposed."  *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal

quotations and citation omitted).  Further, "[a] court reviewing the sufficiency of a complaint

---

[2] In her Complaint, plaintiff moves the Court to appoint her counsel for this litigation.
The Court does not address plaintiff's request for a court appointed attorney because it is not
properly raised before the Court. Plaintiff must file a separate motion for such request in
compliance with the Local Rules.

presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Lastly, the Court construes a *pro se* litigant's complaint liberally. *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002). However, *pro se* parties must still follow the same rules of procedure that govern other litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation omitted).

III.    Discussion

Defendants assert that plaintiff's complaint should be dismissed because (1) she failed to state a claim for which relief can be granted, (2) she fails to allege a claim for violation of the Equal Protection Clause, and (3) she fails to allege a claim for injunctive relief because she does not show that there is an ongoing violation of her constitutional rights.

A.    Failure to State a Claim

Defendants assert that plaintiff's complaint should be dismissed for failure to state a claim for which relief can be granted. Specifically, defendants assert that plaintiff failed to set forth a short and plain statement of jurisdiction and entitlement to relief. Federal Rule of Civil Procedure 8(a) requires a short and plain statement of: (1) the grounds for the Court's jurisdiction, (2) the claim showing entitlement to relief, and (3) demand for the relief sought.

Defendants assert that it is not clear what plaintiff's claims are exactly or what actions defendants engaged in that form the basis of her claims. Defendants contend that plaintiff simply names ODOC and the State of Oklahoma with no facts to support her claims that meet the requirements of Rule 8.

Having reviewed the complaint and the parties' submissions carefully, construing *pro se*

plaintiff's claims liberally as it must, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to the plaintiff, the Court finds that plaintiff has set forth short and plain statement of jurisdiction and entitlement to relief.[3]  Specifically, plaintiff has alleged that she was married to inmate Pierce through proxy marriage ceremony in Texas and is his common law wife, that she sought to continue her visitation with inmate Pierce through ODOC's policy that allows married inmates to have such visitation, and that defendants have refused to recognize her proxy or common law marriage, which resulted in the deprivation of her federally protected constitutional right to marriage.  Plaintiff moves the Court to find her proxy or common law marriage valid and, thus, rendering defendants' policy unconstitutional, or, in the alterative, plaintiff requests that the Court certify the question of the validity of her marriage to the proper judicial forum.  Accordingly, the Court finds that, at this stage of the proceedings and construing plaintiff's allegations in the light most favorable to the plaintiff, plaintiff has met Rule 8(a)'s requirements.[4]

B.   Equal Protection Claim

Defendants assert that plaintiff has failed to assert a claim for a violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.  Specifically, defendants contend that plaintiff has failed to demonstrate that she is a member of a suspect class and that her fundamental rights were violated.  Defendants contend that plaintiff is not a suspect

---

[3] The Court is mindful that "[w]hile we of course liberally construe *pro se* pleadings, [plaintiffs'] *pro se* status does not excuse the obligation of any litigant to comply with fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Ogden v. San Juan Cnty,* 32 F.3d 452, 455 (10th Cir.1994) (citation committed).

[4] Next, defendants assert that plaintiff's motion should be dismissed because plaintiff failed to name a proper defendant for her claims under 42 U.S.C. § 1983. However, in her response, plaintiff states that she is not asserting any claims under § 1983. Accordingly, the Court does not address defendants' motion as it pertains to § 1983.

class due to her status as a spouse of an incarcerated person and while marriage is a fundamental right, a prison visitation right is not.  Thus, defendants contend that plaintiff has not alleged sufficient facts that demonstrate that ODOC's refusal to recognize her marriage that occurred outside ODOC's marriage policy was irrational as applied to ODOC's visitation privileges.

Having reviewed the complaint and the parties' submissions carefully, construing *pro se* plaintiff's claims liberally as it must, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to the plaintiff, the Court finds that plaintiff has asserted sufficient facts – by the thinnest margins – to allege a cause of action for a violation of her constitutional rights.  Plaintiff alleges that defendants infringed on her constitutional right to marry when they refused to recognize her proxy marriage celebrated in Texas and her common law marriage.  Further, plaintiff alleges that defendants denied her the right to visit with her husband, who is incarcerated at defendants' facility, while at the same time extending such privileges to other spouses who are married to incarcerated individuals at defendants' facilities.  Defendants allegedly refused to recognize proxy marriages because Oklahoma prohibits such marriages. While it is true Oklahoma does not authorize proxy marriages,[5] it is also true that her proxy marriage occurred in the state of Texas and that plaintiff alleges that she is the common law wife of inmate Pierce.  In addition, defendants' motion is void of any assertion of how their policy serves penalogical interests by refusing to recognize proxy marriages validly entered in another state simply because such marriages are not permitted in Oklahoma.   The Court finds that these issues raised by the parties are more appropriately decided at the summary judgment stage where the Court can benefit from

_____

[5] Okla. Stat. tit. 43, § 5(A) provides that "[p]ersons desiring to be married in this state shall submit an application in writing signed and sworn to in person before the clerk of the district court by both of the parties . . . ."

specific factual findings and more developed arguments and citations from the parties on these issues. Accordingly, the Court finds that plaintiff's claims for violation of her Constitutional rights should not be dismissed at this stage of the proceedings.

C.    Injunctive Relief

In her Complaint, plaintiff seeks injunctive relief.  Although it is not clear as to what injunctive relief plaintiff is requesting, but construing *pro se* plaintiff's complaint liberally as the Court must, plaintiff seems to be moving the Court to enjoin ODOC from enforcing its policy, alleging that the policy violates the United States Constitution by infringing on her right to marry and treats her marriage differently than other similarly situated married couples.  To obtain a preliminary injunction, plaintiff must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest. *Gen. Motors Corp. v. Urban Gorilla, L.L.C.*, 500 F.3d 1222, 1226 (10th Cir. 2007) (citation omitted).  A preliminary injunction is an "extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 976 (10th Cir. 2004) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).

Defendants assert that plaintiff's claim for injunctive relief should be dismissed because she has not alleged an ongoing constitutional violation.  Specifically, defendants contend that plaintiff has alleged constitutional and equal protection violation claims against defendants relating to ODOC's refusal to recognize her marriage to inmate Pierce; her allegations do not involve a

-6-

fundamental constitutional right because she is not part of a suspect class and a right to visitation is not a fundamental right.  Therefore, defendants assert that plaintiff's claim can only be sustained if she alleges sufficient facts to show that the policy of denying recognition of her marriage was irrationally applied in this case, which she has failed to do.  Further, defendants assert that supervision of the internal affairs of correctional institutions lies with prison officials and administrative officials and generally is not subject to judicial review absent the prison administration being exercised in an abusive and capricious manner; it is generally beyond the reach of the Court to enjoin the administration of prison policies and procedures.

Having reviewed the complaint and the parties' submissions carefully, construing *pro se* plaintiff's claims liberally as it must, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to the plaintiff, the Court finds that plaintiff's request for preliminary injunction should be denied.  Specifically, the Court finds that because of the highly deferential standard of upholding prison officials' policy that regulate marriage in the context of prison visitations if the policies are reasonably related to a penalogical interest and the overall deference courts give to prison officials in making difficult judgments concerning institutional operations, *see Jones v. N.C. Prisoners' Labor Union,* 433 U.S. 119, 128 (1977), plaintiff has not shown that she has a substantial likelihood of success on the merits.  In addition, a premature injunction without proper and thorough analysis would place substantial burden on defendants in dealing with the complex nature of problems involving the operation of their prison facilities. Accordingly, the Court finds that defendants' motion to dismiss as it pertains to plaintiff's request for preliminary injunction should be granted.

IV.    Conclusion

Accordingly, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss and Brief in Support [docket no. 9].

**IT IS SO ORDERED this     20th     day of November, 2013.**


VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE